## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ORLANDO PINEDA, and all others
similarly situated under 29 U.S.C 206(B),

      Plaintiff,

v.

The School Board of Miami-Dade County,

      Defendant.

_____/

## COMPLAINT

Plaintiff, Orlando Pineda ("Pineda"), on behalf of himself and all others similarly situated under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendant, The School Board of Miami-Dade County ("School Board"), and alleges, as follows:

## JURISDICTION, PARTIES, AND VENUE

1.  This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiffs' federal civil and statutory rights.

2.  This action is by Plaintiff against the School Board to recover unpaid overtime compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the 29 U.S.C., §§ 206, 207, Fair Labor Standards Act ("FLSA").

3.  At all material times, the School Board is/was a political subdivision of the state of Florida.

4.   At all material times, Plaintiff is *sui juris* and a resident of Miami-Dade County, Florida.

5.   Defendant School Board is an employer within the meaning of the FLSA and Florida common law.

6.   Plaintiff is a non-exempt employee within the meaning of the FLSA law and is entitled to overtime wages pursuant to the FLSA and Florida common law.

7.   Venue is proper because the Plaintiff resides in, is employed in and the allegations that form the basis of this Complaint occurred in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

8.   School Board is the FLSA employer for Plaintiff's employment.

9.   The School Board is an employer as defined by 29 U.S.C. §203(d).

10.   Plaintiff worked as a custodian for the School Board for approximately five (5) years.

11.   At all material times, the School Board is an enterprise as defined by 29 U.S.C. §203(r)(1).

12.       At all material times, School Board operated the public schools, Dr. Manuel Bareiro Elementary and G. Holmes Braddock High School, where Plaintiff was employed pursuant to the FLSA.

13.       As a result of the services provided by the School Board, two or more of its employees regularly performed activities for a business purpose as defined by the FLSA.

14.       Plaintiff and those similarly situated employees regularly performed activities for a business purpose as defined by the FLSA.

15.       Plaintiff was employed by the School Board as a non-exempt employee within three years from the date of this action ("relevant time period").

16.     Throughout his employment with School Board and during the relevant time period, Plaintiff worked in excess of forty (40) hours per week for School Board.

17.     Notwithstanding, School Board willfully and intentionally failed/refused to pay to Plaintiff the required overtime rate of time and one half, as required by the FLSA.

18.     School Board knew of the overtime requirements of the FLSA and intentionally failed to investigate whether their payroll practices were in accordance with the Fair Labor Standards Act.

19.     As a result, Plaintiff has suffered damages and is entitled to receive his lost wages, including his overtime compensation.

20.     Plaintiff has complied with all conditions precedent to filing this action.

21.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## PRE-SUIT DEMAND

22.     On March 17, 2017, Plaintiff through the undersigned counsel, sent to the Defendant a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting Employer pay the amounts owed to Plaintiff, but Employer failed/refused to do so or respond to same ("Demand"). A copy of the Demand is attached as "**Exhibit A**".

## COUNT I -
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA

23. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

24. This case is brought by Plaintiff, on behalf of himself and all others similarly situated, as a collective action against School Board for overtime compensation pursuant to 29 U.S.C. § 216(B).

25. Upon information and belief, School Board has employed and currently employs several other similarly situated employees, like Plaintiff, who have not been properly paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

26. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

27. Section 207 of the FLSA governs overtime compensation, and provides, in relevant part:

> if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty (40) at the rate of at least one and one half times the employee's regular rate…

28. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

29. Plaintiff routinely worked in excess of forty (40) hours per week for the School Board throughout the relevant time period.

30. School Board knew or should have known that Plaintiff suffered or was permitted to work overtime for the School Board as defined in 29 U.S.C. § 203 (g).

31. The School Board failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

32. At all material times, the School Board knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

33. Plaintiff hereby demands a jury trial of all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Orlando Pineda, respectfully requests that judgment be entered in his favor against Defendant, School Board, as follows:

(a) Declaring pursuant to 28 U.S.C §2201 and §2202, that the acts and practices of the Defendant complained of herein are in violation of the overtime wage provisions of the FLSA;

(b) Permanently enjoining the Defendant, their agents, officers and employees from engaging in all practices found by this court to be in violation of the overtime wage provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendant, for lost and withheld compensation, and overtime compensation for all hours that he worked for Defendant over forty (40) hours per week, but for which he was not compensated at the required overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b); and Section 448.08, of the Florida Statutes.

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 12th day of April, 2017.

By: /s/ Monica Espino
Florida Bar No. 834491

ESPINO LAW
Attorney for Plaintiff
2250 SW 3rd Avenue, 4th Floor
Miami, Florida 33129
Telephone:      (305) 704-3172
Facsimile:      (305) 722-7378
E-mail:     me@espino-law.com